JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -7 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

6/7/79

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FEDERAL ELECTION CAMPAIGN )
ACT LITIGATION                   )

DOCKET NO. 372

OPINION AND ORDER
_____

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON,
STANLEY A. WEIGEL,* ANDREW A. CAFFREY, ROY W. HARPER, AND
CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation presently consists of **nineteen actions**

pending in eighteen districts as follows:

| | |
|---|---|
| District of the District of Columbia | 2 |
| Northern District of Alabama | 1 |
| Eastern District of Arkansas | 1 |
| District of Colorado | 1 |
| Southern District of Iowa | 1 |
| District of Kansas | 1 |
| Western District of Kentucky | 1 |
| District of Maine | 1 |
| District of Massachusetts | 1 |
| Eastern District of Michigan | 1 |
| District of Minnesota | 1 |
| District of New Jersey | 1 |
| District of Rhode Island | 1 |
| District of South Carolina | 1 |
| District of South Dakota | 1 |
| Western District of Texas | 1 |
| Eastern District of Virginia | 1 |
| Northern District of West Virginia | 1 |

The two actions in the District of the District of

Columbia were brought against the Federal Election Commission

(FEC) in November, 1978, by Henry L. Walther (Walther),

pursuant to 2 U.S.C. §437g(a)(9).  **That provision authorizes**

a party aggrieved by an FEC administrative dismissal to

_____

* Judge Weigel took no part in the decision of this
matter.

file suit in the District of the District of Columbia.[1] In
these two actions Walther alleges that the FEC acted contrary
to law in dismissing a total of forty-five administrative
complaints that Walther and the National Right to Work Committee
had filed with the FEC under the Federal Election Commission
Act. Each administrative complaint had charged a different
candidate for public office and his principal campaign committee
with violating federal law by accepting from affiliated labor
organizations political contributions which exceeded the maximum
contribution permitted by 2 U.S.C. §441(a)(2) of $5,000 per
primary and general election. The monetary limits would have
been exceeded if the FEC accepted Walther's contention that
contributions from the AFL-CIO and/or its individual member
unions should be added together and treated as emanating from
a single political committee.

---

[1] 2 U.S.C. §437(a)(9) provides in full:

(9) (A) Any party aggrieved by an order of the
Commission dismissing a complaint filed by such
party under paragraph (1), or by a failure on
the part of the Commission to act on such com-
plaint in accordance with the provisions of this
section within 90 days after the filing of such
complaint, may file a petition with the United
States District Court for the District of Columbia.
(B) The filing of any petition under
subparagraph (A) shall be made
(i) in the case of the dismissal of a
complaint by the Commission, no later than 60
days after such dismissal; or
(ii) in the case of a failure on the part
of the Commission to act on such complaint, no
later than 60 days after the 90-day period
specified in subparagraph (A).
(C) In any proceedings under this paragraph
the court may declare that the dismissal of the
complaint or the action, or the failure to act,
is contrary to law and may direct the Commission to
proceed in conformity with such declaration within
30 days, failing which the complainant may bring
in his own name a civil action to remedy the
violation involved in the original complaint.

All other actions in this docket were brought, also by Walther, against many of the individual candidates and their campaign committees that were the respondents in the complaints filed with the FEC.  In each of these actions, an individual candidate and his principal campaign committee are accused of the same substantive violations of federal election law that Walther leveled against that candidate and committee before the FEC, and Walther seeks an order directing defendants to return all sums of money unlawfully received.

The FEC moves the Panel pursuant to 28 U.S.C. §1407 to centralize all actions in this litigation in the District of the District of Columbia for coordinated or consolidated pretrial proceedings.[2/]  Defendants in **thirteen of the individual** candidate actions support transfer of their respective actions to the District of the District of Columbia.  Walther opposes transfer.

We find that these actions involve common questions of fact and that centralization of these actions in the District of the District of Columbia under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

---

2/ Three additional actions included in the motion for transfer have been dismissed -- Henry L. Walther v. Congressman Max Baucus, et al., D. Mont., C.A. No. 78-88-M; Henry L. Walther v. Joseph Biden, et al., D. Del., C.A. No. 78-473; and Henry L. Walther v. Wendell Anderson, et al., D. Minn., C.A. No. 4-78-522.  Consideration of the question of transfer with respect to these actions is therefore moot.

Walther argues that the predominating common questions among these actions will be legal, rather than factual, and that the prerequisites for transfer under Section 1407 are not satisfied. He urges that many factual questions will be unique to each action, including the degree of knowledge of the candidates and their staffs regarding the extent of formal and informal affiliation among the differing labor organizations involved in each action.  Walther also disputes that centralization under Section 1407 of all actions in the District of Columbia would be convenient for individual defendant candidates and campaign officials, and he contends that most witnesses and records will be found in the districts in the state where each candidate sought office.  Walther expresses his willingness to bear any inconvenience to which he, as the only party involved in all actions, might be subjected.

We find these arguments unpersuasive.  In each action, key factual inquiry will focus upon the structure of the AFL-CIO and the activities of its officials in order to determine whether the AFL-CIO commonly established, financed, maintained or controlled the political activities of its member labor organizations.  Transfer under Section 1407 is thus necessary in order to avoid duplication of discovery and prevent incon-sistent pretrial rulings regarding these common factual questions.  The transferee judge, of course, has the authority to schedule any discovery that is unique to particular parties, claims or actions to proceed concurrently with the common

discovery, thereby permitting the litigation to proceed expeditiously in all areas.  See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979).

Walther's assertion that individual defendant candidates and campaign officials would be seriously inconvenienced by centralization under Section 1407 is belied by the fact that no defendant has opposed transfer and defendants in **thirteen of** the individual actions have affirmatively registered their support for transfer.  Moreover, witnesses can expect to be deposed near where they reside.  See Fed. R. Civ. P. 45 (d)(2). As the only party common to all actions, Walther might very well be subjected to greater expense than any other single party if transfer under Section 1407 were denied in this docket.  His willingness to assume those additional costs does not render transfer unnecessary, however, because the Panel must weigh the interests of all the plaintiffs and all the defendants and must consider multidistrict  litigation as a whole in light of the purposes of the law.  See In re Library Editions of Children's Books Antitrust Litigation, 297 F. Supp. 385, 386 (J.P.M.L. 1968).  The benefits of transfer in this docket will not accrue solely to Walther, for it is most logical to assume that prudent counsel for the individual defendants and the FEC will apportion their workload in order to streamline the efforts of all parties and witnesses, counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned.  See In re Nissan Motor Corporation Antitrust Litigation, 385 F. Supp. 1253, 1255 (J.P.M.L. 1974).

Furthermore, several defendants represent **that in** a number of the actions in this docket similar motions to dismiss for lack of subject matter jurisdiction have been filed.   Transfer under Section 1407 at the present time will permit a single judge to consider these motions and thus will have the salutary effect of promoting judicial economy and avoiding inconsistent adjudications regarding this particular issue.   See In re King Resources Company Securities Litigation, 385 F. Supp. 588, 590 (J.P.M.L. 1974).

The District of the District of Columbia is clearly the most appropriate transferee forum for this litigation. Many of the candidates are United States senators or represent-atives with offices in Washington, D.C.; the AFL-CIO is headquartered in Washington, D.C.; Walther resides in a Virginia suburb of Washington, D.C.; and the FEC is located in Washington, D.C.  **Thus many parties and relevant documents and witnesses will be found in the metropolitan Washington,** D.C. area. See In re Investors Funding Corporation of New York Securities Litigation, 437 F. Supp. 1199, 1203 (J.P.M.L. 1977).   Also, the District of the District of Columbia is the court in which Congress expressly authorized actions to be brought under the Federal Election Campaign Act against the FEC.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the District of the District

of Columbia be, and the same hereby are, transferred to
the District of Columbia and, with the consent of that court,
assigned to the Honorable Charles R. Richey for coordinated
or consolidated pretrial proceedings with the actions listed
on Schedule A and pending in that district.

DOCKET NO. 372
SCHEDULE A

NORTHERN DISTRICT OF ALABAMA                    Civil Action No.

Henry L. Walther v. Donald Stewart,            CA78M1265E
et al.

EASTERN DISTRICT OF ARKANSAS

Henry L. Walther v. James Guy Tucker,          LR-C-78-445
Jr., et al.

DISTRICT OF COLORADO

Henry L. Walther v. Senator Floyd              78-M1241
Haskell, et al.

DISTRICT OF THE DISTRICT OF COLUMBIA

Henry L. Walther v. Federal Election           78-2097
Commission

Henry L. Walther v. Federal Election           78-2193
Commission

SOUTHERN DISTRICT OF IOWA

Henry L. Walther v. Senator Richard            78-357-1
Clark, et al.

DISTRICT OF KANSAS

Henry L. Walther v. Dr. Bill Roy,              78-1471
et al.

WESTERN DISTRICT OF KENTUCKY

Henry L. Walther v. Senator Walter D.          C78-0466-L(A)
Huddleston, et al.

DISTRICT OF MAINE

Henry L. Walther v. Senator William            78-222-SD
Hathaway, et al.

DISTRICT OF MASSACHUSETTS

Henry L. Walther v. Senator Edward             78-3089-C
Brooke, et al.

EASTERN DISTRICT OF MICHIGAN

Henry L. Walther v. Carl Levin,                78-73053
et al.

SCHEDULE A   --   P.2

### DISTRICT OF MlNNESOTA

Henry L. Walther v. Donald M. Fraser          78-521
et al.

### DISTRICT OF NEW JERSEY

Henry L. Walther v. Bill Bradley,             78-2846
et al.

### DISTRICT OF RHODE ISLAND

Henry L. Walther v. Senator Claiborne         78-0687
Pell, et al.

### DISTRICT OF SOUTH CAROLINA

Henry L. Walther v. Charles Revenel,          78-2018
et al.

### DISTRICT OF SOUTH DAKOTA

Henry L. Walther v. Don Barnett,              78-4118
et al.

### WESTERN DISTRICT OF TEXAS

Henry L. Walther v. Joe Christie,             EP78-CA-229
et al.

### EASTERN DISTRICT OF VIRGINIA

Henry L. Walther v. Andrew Miller,            78-751-A
et al.

### NORTHERN DISTRICT OF WEST VIRGINIA

Henry L. Walther v. Senator Jennings          78-215-E
Randolph, et al.